UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14035-CR-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA

vs.

TENTLOGIX, INC.,
a Florida corporation,

                Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and TentLogix, Inc., a Florida corporation (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with conspiring to harbor aliens for the purpose of commercial advantage in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory

2

sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a term of probation of up to five years, a fine of up to the greatest of $500,000 or twice the loss or twice the gain caused by the offense, and may order forfeiture and restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $400 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

3

6. The defendant further agrees to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any conveyance, including any vessel, vehicle, or aircraft, that has been used in the commission of the offense charged in Count One of the Indictment, the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, pursuant to Title 8, United States Code, Section 1324(b)(1). In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes a forfeiture money judgment in the sum of $3,033,946.46 in United States currency, which sum represents the minimum amount of gross proceeds the defendant obtained as a result of the defendant's commission of the offense charged in Count One of the Indictment. The defendant agrees to satisfy the money judgment in the form of certified checks made payable to Homeland Security Investigations in the following amounts and which shall be delivered to the United States no later than on the following dates:

| Date: | Amount: |
| --- | --- |
| 12/05/19: | $500,000.00 |
| 03/05/20: | $500,000.00 |
| 03/05/21: | $400,000.00 |
| 03/05/22: | $400,000.00 |
| 03/05/23: | $500,000.00 |
| 03/05/24: | $733,946.46 |

7. The defendant further agrees that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable

4

defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

8. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

9. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court sentence the defendant to four years of probation. In the event the defendant pays off the forfeiture money judgment set forth in paragraph 6 above prior to the expiration of the probationary period, the defendant can petition the Court to terminate the probationary period.

10. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the defendant be required to develop, submit to the Court, and implement an effective compliance and ethics program consistent with Sentencing Guidelines Section 8B2.1.

5

11. The defendant agrees that if a determination is made to file for bankruptcy under Chapter 7 or Chapter 11 of the Bankruptcy Code, it shall notify this Office no less than thirty (30) days before so filing.

12. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw the defendant's plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

13. The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the

6

defendant shall be released from the above waiver of the defendant's right to appeal the defendant's sentence.

14. The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statutes to which the defendant is pleading guilty are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statutes of conviction.

15. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence imposed in this case and the defendant's right to appeal the defendant's conviction in the manner described above was knowing and voluntary.

16. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

7

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 11/12/19        By: _____
                          Michael D. Porter
                          ASSISTANT U.S. ATTORNEY

      The Authorized Corporate Officer, by his signature below, hereby certifies that he has read the entire Plea Agreement and discussed it with TentLogix, Inc.'s Board of Directors and shareholders; TentLogix, Inc. understands all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations; TentLogix, Inc. is fully satisfied with its attorney's representation during all phases of this case; TentLogix, Inc. is freely and voluntarily pleading guilty in this case; and TentLogix, Inc. is pleading guilty as set forth in this Plea Agreement because it is guilty of the offense charged in Count One of the Indictment. TentLogix, Inc. acknowledges its acceptance of this Plea Agreement by the signature of its counsel and Authorized Corporate Officer.

Date: 11/12/19        By: _____
                          Gary Hendry, Chief Executive Officer,
                          Registered Agent, and Authorized Corporate
                          Officer for DEFENDANT TENTLOGIX,
                          INC.

      I have discussed with and fully explained to the Board of Directors of TentLogix, Inc. the facts and circumstances of the case; all rights with respect to the offense charged in Count One of the Indictment; possible defenses to the offense charged in Count One of the Indictment; all rights with respect to the Sentencing Guidelines; and all of the consequences of entering into the Plea Agreement and entering a guilty plea. I have reviewed the entire Plea Agreement with my client, through its Authorized Corporate Officer. In my judgment, TentLogix, Inc. understands the terms and conditions of the Plea Agreement, and I believe TentLogix, Inc.'s decision to enter into the Plea Agreement is knowing and voluntary. TentLogix, Inc.'s execution of and entry into the Plea Agreement is done with my consent.

Date: 11/12/19        By: _____
                          David Roth
                          ATTORNEY FOR DEFENDANT
                          TENTLOGIX, INC.